WILSON and others *v.* ROCKWELL and others.

*(Circuit Court, D. Colorado.* December 15, 1886.)

INJUNCTION—TRESPASS—TITLE.
    A party showing an equitable title to realty will be protected against trespassers by injunction, though the location of the legal title has not been finally determined.

Motion for Injunction.
*Hugh Butler,* for complainants.
*L. C. Rockwell, per se,* for defendants.

BREWER, J. The facts stated in the bill give complainants a clear right to a preliminary injunction. It is immaterial whether the legal title be in complainants or the Woodmass of Alston Company. The dispute between them does not concern trespassers. Both parties are in court, the company being made defendant. The full equitable title ownership is with complainants, and a court of equity will protect the owners, as against trespassers, although the location of the legal title has not been finally determined. The allegations of the bill are met by affidavits and other testimony on the part of the defendants. The truth is in doubt. I shall not attempt to determine it now, nor comment, on the testimony, further than to say that Gwynn, the vendor to complainants, and Gwynn, the witness, do not speak in the same way. A little cross-examination may be helpful. The case made by the bill is shaken, but by testimony, some of which at least is open to strong suspicions.

A preliminary injunction will be granted as prayed for, upon the giving of a bond in the sum of $10,000, with two sureties, to be approved by the clerk of this court, conditioned to pay all damages caused by this order, if the same shall finally be set aside. The complainants must also proceed, with all reasonable speed, to have the legal title determined.